THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LIFTED RESEARCH GROUP, INC., ) <br> One Capital Drive ) <br> Lake Forest, California 92630, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ROOBEN'S SONS INCORPORATED, ) <br> d/b/a SHOE GALLERY ) <br> 3251 M Street, N.W. ) <br> Washington, District of Columbia 20007, ) <br> ) <br> and ) <br> ) <br> DOES 1-10, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No. <br><br> COMPLAINT FOR DAMAGES AND <br> INJUNCTIVE RELIEF |

Plaintiff, LIFTED RESEARCH GROUP, INC., a California corporation ("LRG") sues Defendants, ROOBEN'S SONS INCORPORATED, a District of Columbia corporation, d/b/a/ SHOE GALLERY, and DOES 1-10, (collectively "Defendants") and alleges as follows:

**JURISDICTION AND VENUE**

1. This action seeks to enforce (i) 15 U.S.C. §§ 1114, 1116, 1121, and 1125 and (ii) 17 U.S.C. §101 et seq. Furthermore, this action is one in which diversity of citizenship exists and the amount in dispute exceeds $75,000. Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338. Venue is proper in this Court under 28 U.S.C. § 1391 since Defendants' principal place of doing business is within this District, and Defendants' conduct substantial business activities within this District. Furthermore, venue is appropriate since a substantial portion of the acts giving rise to this case occurred within this District.

1

## THE PARTIES

2.      LRG is a corporation duly organized under the laws of the State of California with its principal place of business in the United States located at One Capital Drive, Lake Forest, California 92630. LRG is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, apparel under the federally registered trademarks LIFTED RESEARCH GROUP, L R G, ▲ and ▲ (collectively, the "LRG Marks").

3.      Rooben's Sons Incorporated is a corporation organized under the laws of the District of Columbia which, upon information and belief, conducts business within this Judicial District at 3251 M Street NW, Washington, D.C. 20007. Rooben's Sons Incorporated uses at least the name Shoe Gallery as an alias to operate its business.

4.      Upon information and belief, Rooben's Sons Incorporated is directly engaging in the sale of counterfeit products as alleged herein.

5.      Defendants Does 1 through 5 are, upon information and belief, individuals who reside and/or conduct business within this Judicial District. Further, Does 1 through 5 are directly and personally contributing to, inducing, and engaging in the sale of counterfeit products as alleged herein as partners, business associates, collaborators, or suppliers to the named Defendant. LRG is presently unaware of the true names of Does 1 through 5. LRG will amend this Complaint upon discovery of the identities of such Defendant.

6.      Defendants Does 6 through 10 are business entities which, upon information and belief, reside and/or conduct business within this Judicial District. Moreover, Does 6 through 10 are, upon information and belief, directly engaging in the sale of counterfeit products as alleged herein as partners, business associates, collaborators, or suppliers to the named Defendant. LRG

is presently unaware of the true names of Does 6 through 10. LRG will amend this Complaint upon discovery of the identities of such Defendant.

## COMMON FACTUAL ALLEGATIONS

7.   LRG is the owner of the following trademarks protected by the following United States trademark registrations:

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| LIFTED RESEARCH GROUP | 2,513,951 | December 4, 2001 |
| L R G | 2,633,832 | October 15, 2002 |
| [tree with cross logo] | 2,958,307 | May 31, 2005 |
| [tree logo] | 2,506,859 | November 13, 2001 |

The LRG Marks are registered in International Class 25 and are used in connection with the manufacture and distribution of, among other things, apparel products, including button up shirts, tee shirts, blouses, pants, jackets, baseball caps, hats, knit caps, sweatshirts, jeans, and shorts. Additionally, LRG is the owner of United States Copyright Registration No. VA-1-348-151 (the "LRG Copyright"). LRG's ownership and registration of the LRG Copyright precedes Defendants' infringement as alleged herein.

8.   The LRG Marks and Copyright have been used in interstate commerce to identify and distinguish LRG's high quality apparel products, including jeans and other goods for an extended period of time.

9.   The LRG Marks and Copyright have never been assigned or licensed to any of the Defendants in this matter.

10.   The LRG Marks are symbols of LRG's quality, reputation, and goodwill and have never been abandoned.

11. Further, LRG has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the LRG Marks. The LRG Marks qualify as famous marks as that term is used in 15 U.S.C. § 1125(c)(1).

12. LRG has extensively used, advertised, and promoted the LRG Marks in the United States in association with the sale of apparel products, including jeans and other goods and has carefully monitored and policed the use of the LRG Marks.

13. As a result of LRG's efforts, members of the consuming public readily identify merchandise bearing the LRG Marks as being high quality merchandise sponsored and approved by LRG.

14. Accordingly, the LRG Marks have achieved secondary meaning as an identifier of high quality apparel products, including jeans and other goods.

15. Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of LRG's ownership of the LRG Marks and Copyright, including its exclusive right to use and license the LRG Marks and Copyright and the goodwill associated therewith.

16. LRG has discovered Defendants are promoting and otherwise advertising, distributing, selling, and/or offering for sale counterfeit products, including at least jeans bearing trademarks which are exact copies of the LRG Marks (the "Counterfeit Goods"). Specifically, upon information and belief, Defendants are using LRG's Marks in the same stylized fashion for different quality goods.

17. Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially different from LRG's genuine goods. Despite the nature of their Counterfeit Goods and the knowledge they are without authority to do so, Defendants, upon information and belief,

are actively promoting and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by LRG. The net effect of Defendants' actions is to confuse consumers who will believe Defendants' Counterfeit Goods are genuine goods originating from and approved by LRG.

18.     Upon information and belief, Defendants advertise their Counterfeit goods for sale to the consuming public. In advertising these products, Defendants use LRG's Marks. Defendants also reproduce, distribute, use, offer to sell and sell copies of the designs protected by the LRG Copyright. Indeed, Defendants, upon information and belief, misappropriated LRG's advertising ideas and business styles with respect to LRG's genuine products. Upon information and belief, Defendants misappropriated LRG's advertising ideas in the form of LRG's Marks and Copyright, in part, in the course of Defendants' own advertising activities. Defendants' acts are the proximate cause of damage to LRG.

19.     Upon information and belief, Defendants are conducting their counterfeiting activities at least within this Judicial District. Defendants' infringement and disparagement of LRG's trademark rights are not simply a misdescription of their goods or a mere failure of the goods to conform to advertised quality or performance. By their activities, Defendants are defrauding LRG and the consuming public for their own benefit.

20.     Defendants' use of the LRG Marks and Copyright, including the promotion, advertising, distribution, sale, and/or offering for sale of the Counterfeit Goods, is without LRG's consent or authorization.

21.     Further, Defendants, upon information and belief, may be engaging in the above-described illegal counterfeiting activities knowingly and intentionally, or with reckless disregard

or willful blindness to LRG's rights, for the purpose of trading on the goodwill and reputation of LRG. If Defendants' counterfeiting activities are not preliminarily and permanently enjoined by this Court, LRG and the consuming public will continue to be damaged.

22. Defendants' infringing activities described above are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing a connection or association exists between LRG's genuine goods and Defendants' Counterfeit Goods.

23. LRG has no adequate remedy at law.

24. LRG is suffering irreparable injury and has suffered substantial damages as a result of Defendants' counterfeiting and infringing activities.

25. The injuries and damages sustained by LRG are directly and proximately caused by Defendants' wrongful advertisement, promotion, and sale of their Counterfeit Goods.

26. LRG has retained the undersigned counsel to represent it in this matter and is obligated to pay a reasonable fee for such representation.

**COUNT I – TRADEMARK COUNTERFEITING AND INFRINGEMENT**

27. LRG incorporates the allegations set forth in Paragraphs 1 through 26 above.

28. This action is for trademark counterfeiting and infringement against Defendants based on Defendants' promotion, advertisement, distribution, sale, and/or offering for sale of the Counterfeit Goods bearing the LRG Marks.

29. Specifically, Defendants, upon information and belief, are promoting and otherwise advertising, selling, offering for sale, and distributing counterfeit and infringing apparel products, including jeans and other goods. Defendants are continuously infringing and

inducing others to infringe the LRG Marks by using them to advertise, promote, and sell counterfeit apparel, including jeans and other goods.

30. Defendants' counterfeiting activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the LRG Marks.

31. Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to LRG.

32. Defendants' above-described illegal actions constitute counterfeiting and infringement of the LRG Marks in violation of LRG's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

33. LRG has suffered and will continue to suffer irreparable injury due to the above described activities of Defendants if Defendants are not preliminarily and permanently enjoined.

### COUNT II – FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(a) OF THE LANHAM ACT

34. LRG incorporates the allegations set forth in Paragraphs 1 through 26 above.

35. Defendants' Counterfeit Goods bearing the LRG Marks have been widely advertised and distributed throughout the United States.

36. Defendants' Counterfeit Goods bearing the LRG Marks are virtually identical in appearance to LRG's genuine goods. However, the Counterfeit Goods are inferior in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to the origin or sponsorship of the Counterfeit Goods.

37. Defendants, upon information and belief, have used in connection with their sales of Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to describe or represent such goods

falsely and have caused such goods to enter into commerce with possible knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of LRG.

38. Specifically, Defendants, upon information and belief, authorized and engaged in an infringing use of the LRG Marks in Defendants' advertisement and promotion of their counterfeit and infringing apparel products, including jeans and other goods. Defendants, upon information and belief, have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing products.

39. Defendants' above-described actions are in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. LRG has sustained injury and damage caused by Defendants' conduct. Absent an entry of an injunction by this Court, LRG will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

## COUNT III – COPYRIGHT INFRINGEMENT

41. LRG incorporates the allegations set forth in Paragraphs 1 through 26 above.

42. This is an action for copyright infringement against Defendants.

43. Defendants have infringed and will continue to infringe the LRG Copyright at least by copying, selling, advertising, reproducing and placing into a chain of distribution, unauthorized copies or derivations of LRG's copyrighted work in violation of 17 U.S.C. § 501.

44. Upon information and belief, Defendants may be knowingly and willfully engaging in the copyright infringement alleged herein for the purpose of profiting therefrom.

45. Defendants' unlawful actions have caused and are continuing to cause damage to LRG. LRG will continue to suffer irreparable injury due to the above described activities of Defendants absent entry of a preliminary and permanent injunction.

**PRAYER FOR RELIEF**

46. WHEREFORE, LRG demands judgment jointly and severally against Defendants as follows:

    a. The Court enter a preliminary and permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the LRG Marks and/or LRG Copyright; from using the LRG Marks or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name, trademark, or trade dress which may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with LRG; from falsely representing themselves as being connected with LRG, through sponsorship or association, or engaging in any act which is likely to cause members of the trade and/or the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with LRG; from using any reproduction, counterfeit, copy, or colorable imitation of the LRG Marks and/or LRG Copyright in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants, including, without limitation, apparel products including jeans and/or any other goods; from affixing, applying, annexing, or using in connection with the sale of any goods a false description or representation, including words or other symbols tending to describe

or represent Defendants' goods falsely as being those of LRG, or in any way endorsed by LRG, and from offering such goods in commerce; and from otherwise unfairly competing with LRG.

    b. Defendants be required to account to and pay LRG for all profits and damages resulting from Defendants' infringing and counterfeiting activities and that the award to LRG be trebled, as provided for under 15 U.S.C. § 1117, or, at LRG's election with respect to Count I, that LRG be awarded statutory damages from each Defendant in the amount of one million ($1,000,000) dollars per each counterfeit LRG Mark used and product sold, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

    c. Defendants be required to pay LRG for all damages sustained by LRG in consequence of Defendants' copyright infringement described above together with appropriate interest thereon; Defendants be required to account to LRG for, and disgorge to LRG, and to pay to LRG, all the gains, profits, savings and advantages realized by Defendants from their acts of copyright infringement descried above; LRG be awarded, at its election, statutory damages within the provisions of Sections 504(c) of the Copyright Act, 17 U.S.C. § 504(c), enhanced to reflect the willful nature of Defendants' infringement, instead of an award of actual damages or profits, and be awarded its costs and disbursements incurred in this action, including reasonable attorney fees pursuant to 17 U.S.C. § 505.

    d. LRG be awarded punitive damages.

    e. LRG be awarded pre-judgment interest on its judgment.

    f. LRG be awarded at least treble damages as well as its costs and reasonable attorney fees and investigator fees associated with bringing this action.

   g. LRG be awarded such other and further relief as the Court may deem just and proper.

  DATED this 10th day of December, 2007.

           Respectfully submitted,

           /s/ Paul Grandinetti
           Paul Grandinetti
           D.C. Bar No. 384,996
           LEVY & GRANDINETTI
           South Tower, Suite 750
           1120 Twentieth Street, N.W.
           Washington, D.C. 20036
           Telephone (202) 429-4560
           Facsimile (202) 429-4564

           COUNSEL FOR PLAINTIFF,
           LIFTED RESEARCH GROUP, INC

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Lifted Research Group, Inc.

## DEFENDANTS
Rooben's Sons Incorporated

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Orange, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   District of Columbia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Paul Grandinetti
Levy & Grandinetti
South Tower, Suite 750
1120 Twentieth Street, N.W.
Washington, DC 20036
(202) 429-4560

Case: 1:07-cv-02218
Assigned To : Urbina, Ricardo M.
Assign. Date : 12/10/2007
Description: General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ● E. General Civil (Other)  OR  ○ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☒ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
15 USC 1114, 1116, 1121, and 1125, 17 USC 101

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE   10 Dec 2007   SIGNATURE OF ATTORNEY OF RECORD   *Paul D. Jett*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.