THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LIFTED RESEARCH GROUP, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROOBEN'S SONS INCORPORATED, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Case : 1:07-cv-02218 <br> (RMU) |

**ANSWER**

Defendant Rooben's Sons Incorporated (Rooben's Sons), by its undersigned counsel, here answers, and asserts affirmative defenses, in response to the complaint of Plaintiff Lifted Research Group, Inc. ("LRG"), as follows:

1.  Defendant denies having committed any actions that implicate remedies under federal trademark or copyright laws that serve as the basis for Plaintiff's complaint herein, and accordingly denies the jurisdictional allegations based upon alleged violations of federal law asserted in Plaintiff's complaint. Furthermore, Defendant denies that the amount in dispute exceeds $75,000.00, exclusive of interest and costs, and accordingly denies that this Court may exercise jurisdiction over Plaintiff's complaint under principles of diversity of citizenship between the parties.

2.  Defendant is without knowledge or information sufficient to admit or deny the allegations of paragraph 2 of LRG's complaint, and accordingly demands strict proof thereof.

3.  Defendant denies that it conducts business at 3251 M Street, N.W. in Washington, D.C., or that it uses the name Shoe Gallery as an alias to operate its business at that location.

Defendant does not dispute that it is a corporation organized under the laws of the District of Columbia.

4. Defendant denies the allegations of paragraph 4 of Plaintiff's complaint.

5. The allegations of paragraph 5 of the Plaintiff's complaint do not apply to Defendant. It is without knowledge or information sufficient to admit or deny those allegations, and accordingly denies them.

6. The allegations of paragraph 6 of the Plaintiff's complaint do not apply to Defendant. It is without knowledge or information sufficient to admit or deny those allegations, and accordingly denies them.

7. Defendant is without knowledge or information sufficient to admit or deny the allegations of paragraph 7 of Plaintiff's complaint, and demands strict proof thereof.

8. Defendant is without knowledge or information sufficient to admit or deny the allegations of paragraph 8 of Plaintiff's complaint, and demands strict proof thereof.

9. Defendant is without knowledge or information sufficient to admit or deny the allegations of paragraph 9 of Plaintiff's complaint, and demands strict proof thereof.

10. Defendant is without knowledge or information sufficient to admit or deny the allegations of paragraph 10 of Plaintiff's complaint, and demands strict proof thereof.

11. Defendant is without knowledge or information sufficient to admit or deny the allegations of paragraph 11 of Plaintiff's complaint, and demands strict proof thereof.

12. Defendant is without knowledge  or information sufficient to admit or deny the allegations of paragraph 12 of Plaintiff's complaint, and demands strict proof thereof.

13. Defendant is without knowledge or information sufficient to admit or deny the allegations of paragraph 13 of Plaintiff's complaint, and demands strict proof thereof.

14. Defendant is without knowledge or information sufficient to admit or deny the allegations of paragraph 14 of Plaintiff's complaint, and demands strict proof thereof.

15. Defendant denies the allegations of paragraph 15 of Plaintiff's complaint.

16. Defendant is without knowledge or information sufficient to admit or deny the allegations of paragraph 16 of Plaintiff's complaint, except to deny that it is using any of LRG's asserted "Marks" improperly in connection with any aspect of, or any quality of, goods that may be the subject LRG's complaint.

17. Defendant denies the allegations of paragraph 17 of Plaintiff's complaint as it pertains to this Defendant.

18. Defendant is without knowledge or information sufficient to admit or deny the allegations of paragraph 18 of Plaintiff's complaint, except to deny that this Defendant has committed any of the actions about which Plaintiff is complaining, including but not limited to allegations that it has done any act in violation of any LRG copyright, or has misappropriated any of LRG's advertising ideas and business styles, or that it has misappropriated any Mark asserted, or that it has approximately caused any damage to LRG.

19. Defendant denies the allegations of paragraph 19 of Plaintiff's complaint.

20. Defendant denies the allegations of paragraph 20 of Plaintiff's complaint.

21. Defendant denies the allegations of paragraph 21 of Plaintiff's complaint.

22. Defendant denies the allegations of paragraph 22 of Plaintiff's complaint.

23. Paragraph 23 of Plaintiff's complaint contains no factual allegations; its assertions are purely of a legal and conclusory nature and require no response. To the extent they could be interpreted to contain any factual allegations, Defendant denies them.

24. Defendant denies the allegations of paragraph 24 of Plaintiff's complaint.

25. Defendant denies the allegations of paragraph 25 of Plaintiff's complaint.

26. Defendant is without knowledge or information sufficient to admit or deny the allegations of paragraph 26 of Plaintiff's complaint, and demands strict proof thereof.

27. Defendant reiterates, and incorporates by reference, its responses to the allegations set forth in paragraphs 1 through 26 of Plaintiff's complaint.

28. Defendant admits that Plaintiff's complaint contains a claim purportedly for trademark counterfeiting and infringement; and denies the remaining allegations of paragraph 28 of Plaintiff's complaint.

29. Defendant denies the allegations of paragraph 29 of Plaintiff's complaint.

30. Defendant denies the allegations of paragraph 30 of Plaintiff's complaint.

31. Defendant denies the allegations of paragraph 31 of Plaintiff's complaint.

32. Defendant denies the allegations of paragraph 32 of Plaintiff's complaint.

33. Defendant denies the allegations of paragraph 33 of Plaintiff's complaint.

34. Defendant reiterates, and incorporates by reference, its responses to the allegations set forth in paragraphs 1 through 26 of Plaintiff's complaint.

35. Defendant denies the allegations of paragraph 35 of Plaintiff's complaint.

36. Defendant denies the allegations of paragraph 36 of Plaintiff's complaint.

37. Defendant denies the allegations of paragraph 37 of Plaintiff's complaint.

38. Defendant denies the allegations of paragraph 38 of Plaintiff's complaint.

39. Defendant denies the allegations of paragraph 39 of Plaintiff's complaint.

40. Defendant denies the allegations of paragraph 40 of Plaintiff's complaint.

41. Defendant reiterates, and incorporates by reference, its responses to the allegations set forth in paragraphs 1 through 26 of Plaintiff's complaint.

42.     Paragraph 42 of Plaintiff's complaint contains no factual allegations; its assertions are purely of a legal and conclusory nature and require no response. To the extent they could be interpreted to contain any factual allegations, Defendant denies them.

43.     Defendant denies the allegations of paragraph 43 of Plaintiff's complaint.

44.     Defendant denies the allegations of paragraph 44 of Plaintiff's complaint.

45.     Defendant denies the allegations of paragraph 45 of Plaintiff's complaint.

46.     Plaintiff's prayer for relief contains no fact allegations, and requires no response. To the extent any response might be required, Defendant denies that it has committed any action that could give rise to any relief sought by Plaintiff in its complaint.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Defendant asserts the following:

1.     Plaintiff's complaint fails, and should be dismissed, on grounds of insufficiency of process.

2.     Plaintiff's claims fail, and should be dismissed, on grounds of insufficiency of service of process.

3.     Plaintiff's claims fail, and should be dismissed, for failure to state a claim upon which relief can be granted.

4.     Plaintiff's claims fail, and should be dismissed, on grounds of waiver and estoppel.

5.     Plaintiff's claims fail, and should be dismissed, based on the first sale doctrine, applicable to claims of copyright and trademark infringement.

WHEREFORE, Defendant prays that all claims alleged against it in Plaintiff's complaint be dismissed with prejudice, and that Defendant be awarded its costs, including its attorneys fees

reasonably incurred in defending Plaintiff's action, and that it further receive such relief as this Court deems just.

        Respectfully submitted,

        SQUIRESLAW, PLLC


By_____/s/_____
    Jeffrey L. Squires
    D.C. Bar No. 185827
    1850 M Street, N.W.
    Suite 280
    Washington, D.C.  20036-5804
    Telephone (202) 223.4500
    Facsimile (202) 331-0726
    Email: jsquires@squireslawusa.com

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LIFTED RESEARCH GROUP, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROOBEN'S SONS INCORPORATED, )<br>)<br>Defendant. )<br>)<br>_____) | Case : 1:07-cv-02218<br>(RMU) |

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of January, 2008, the foregoing Answer was served by first-class mail on the following:

>Paul Grandinetti
>Levy & Grandinetti
>South Tower, Suite 750
>1120 Twentieth Street, N.W.
>Washington, D.C.  20036

>_____/s/_____
>Jeffrey L. Squires