## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LIFTED RESEARCH GROUP, INC., <br> A California corporation <br><br> Plaintiff, <br> v. <br><br> ROOBEN'S SONS INCORPORATED, a <br> District of Columbia corporation, d/b/a SHOE <br> GALLERY and DOES 1-10, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No.: 1:07-cv-02218 (RMU) |

## JOINT SCHEDULING REPORT

Plaintiff, Lifted Research Group, Inc. ("LRG"), and Defendant, Rooben's Sons Incorporated, a District of Columbia corporation, d/b/a Shoe Gallery ("Defendant"), by and through their undersigned counsel, hereby submit their Joint Rule 26(f) Scheduling Report pursuant to L.R. 16.3 as follows:

**1.    Trial and Pretrial Conference**

Based on the pleadings, and claims as currently presented, the parties request a pretrial conference in April, 2009, and a trial date in May, 2009.

**2.    Pretrial Deadlines**

Apr 29, 2008 -      Rule 26(a) Disclosures

July 31, 2008 -     Deadline to file initial witness list.

July 31, 2008 -     Deadline to join parties and/or amend pleadings.

October 17, 2008 -  Discovery cutoff as to factual matters and witnesses with service completed 30 days (33 days if by mail) before close of fact discovery.

November 7, 2008 -  Deadline for Plaintiff to furnish expert witness list and expert summaries/reports for which it bears the burden of proof.

November 28, 2008 - Deadline for Defendant to furnish expert witness list and expert summaries/reports for which the parties bear the burden of proof.

December 5, 2008 - Parties to disclose rebuttal experts witness(es).

January 30, 2009 - Deadline to complete expert discovery.

January 30, 2009 - Deadline to complete mediation/ADR.

February 13, 2009 - Deadline for dispositive motions for all parties.

April 10, 2009 - Deadline to file pretrial motions and memoranda of law.

April 10, 2009 - Final proposed Jury Instructions, or Findings of Fact and Conclusions of Law must be filed; and final Witness and Exhibit lists due.

April 10, 2009 - Pretrial stipulation to be filed.

**3.    Case Management Track**

Based on the pleadings and claims, the parties believe that this case shall proceed on a standard case management track.

**4.    Estimated Time Required for Trial**

Based on the pleadings and claims, plaintiff estimates that the trial in this matter shall take approximately three (3) to five (5) days. Defendant believes it should take no more than two days.

**5.    Jury Demand**

No jury trial has been demanded.

**6.    Magistrate Judge**

The parties have no objection to discovery issues and non-dispositive issues being referred to a Magistrate Judge and agree to have the Magistrate hear and decide Motions for Costs, Motions for Attorneys' Fees, or Motions for Sanctions. The parties do not agree to have

the Magistrate hear and decide Motions to Dismiss or Motions for Summary Judgment as reflected in the attached Election to Jurisdiction by a United States Magistrate Judge for Final Disposition of Motions.

7.    **Outline of Claims and Defenses**

A.    **LRG's Claims and Defenses**

LRG claims Rooben's Sons Incorporated has infringed LRG's trademarks LIFTED RESEARCH GROUP, L R G, and (collectively, the "LRG Marks") through substantial use, advertising, promotion and sale of goods bearing the LRG Marks in connection with the manufacture and distribution of clothing products. Additionally, Rooben's Sons Incorporated has infringed LRG's United States Copyright Registration No. VA-1-348-151 (the "LRG Copyright").

LRG has demanded preliminary and permanent injunctive relief against Rooben's Sons Incorporated. LRG has also demanded that it be awarded Rooben's Sons Incorporated's profits, and actual or statutory damages in an amount to be determined at trial. LRG also seeks an award of attorneys' fees, investigators' fees, costs, and prejudgment and post judgment interest.

B.    **Rooben's Sons Incorporated Claims and Defenses**

Defendant asserts the following: first, that it has not sold any goods that are, or bear any trademark or other indicia of, unauthorized copies of goods manufactured or sold by plaintiff; second, that any goods it sold bearing any indicia of copyright or trademark claimed by plaintiff had been purchased from legitimate sources and were resold by defendant in legitimate commercial transactions, subject to and protected by the first sale doctrine applicable to such transactions; third, that any goods sold by defendant that may have contained trademarks owned by plaintiff were not sold on the basis of any misrepresentation as to the origin of such goods;

fourth, any goods sold by defendant that bore any trademark or indicia of copyright claimed by plaintiff were sold in good faith with belief that defendant had right to sell such goods; fifth, any sales of goods about which plaintiff is complaining were de minimus in quantity and have caused no economic harm to plaintiff; and sixth, plaintiff is aware of the fact that defendant made only de minimus sales of goods in which plaintiff is asserting trademark or copyright rights, and that defendant's sales were done without knowledge or intent of violation of any rights asserted by plaintiff, and plaintiff has nonetheless insisted on maintaining its action.

**8.    Variance From Discovery Limitations**

Based on the pleadings and claims, there is no need for a variance from the discovery limitations set forth in the Federal or Local Rules.

**9.    Simplification of Issues**

The parties shall use their best efforts to simplify the issues if it becomes apparent through the course of discovery that any claim or defense is not supported by the evidence.

**10.    Avoidance of Unnecessary Proof and Cumulative Evidence**

If necessary, the parties will discuss the possibility of obtaining admissions of fact and of documents, stipulations regarding authenticity of documents, efforts to avoid unnecessary proof and cumulative evidence, and the parties will use their best efforts to reach an agreement on such admissions, stipulations, suggestions for the avoidance of unnecessary proof and of cumulative evidence, and to file such with the Court along with motions, if deemed necessary, for advance rulings on the admissibility of evidence.

**11.**    **Additional Matters Discussed by the Parties under LCvR 16.3**

The parties discussed whether disposition of the case is likely to occur by dispositive motion.  The plaintiff believes all matters related to liability will be the subject of summary judgment motion.

The parties discussed the realistic possibility of settling the case.  Counsel for the parties agree to explore settlement and/or ADR after completion of initial disclosures.

The plaintiff anticipates redacting certain discovery materials which will be produced as initial disclosures.  These redactions will include materials produced by investigators working for the plaintiff's counsel.  The redactions will enable to plaintiff to verify the representations made by the defendant during initial disclosures.  Defendant's counsel objects to this procedure, because if permitted it would likely allow plaintiff to avoid providing exactly that basic fact information Rule 26(a) requires to be disclosed, necessary to enable defendant to know what facts plaintiff is asserting in support of its claims.

The parties do not believe that limits or extraordinary discovery will be required for this matter.  Additionally, the parties do not believe that bifurcation or management in phases of this matter will be required.

Dated this 29th day of April 2008.

Respectfully submitted,


  /s/ Paul Grandinetti                                  /s/ Jeffrey Squires
Paul Grandinetti                                    Jeffrey Squires
LEVY & GRANDINETTI                                  SQUIRESLAW, PLLC
South Tower, Suite 750                              1850 M Street, N.W.
1120 Twentieth Street, N.W.                         Suite 280
Washington, D.C. 20036                              Washington, D.C. 20036
(202) 429-4560                                      (202) 223-4500

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **JOINT SCHEDULING REPORT** was served this

date by the Court's ECF system and via first class mail, postage prepaid, on counsel for

Defendant's attorney as follows:

> Mr. Jeffrey Squires
> SQUIRESLAW, PLLC
> 1850 M Street, N.W.
> Suite 280
> Washington, D.C. 20036
> (202) 223-4500

 29 April 2008                              /s/ Paul Grandinetti
Date                                        Paul Grandinetti